## CIRCUIT COURT OF FAIRFAX COUNTY

David Russell Gheen

   v.

Salomon Vasquez et al.

### May 28, 1992

. Case No. (Law) 106240

BY JUDGE THOMAS A. FORTKORT

This matter is before the Court on the Motions for Summary Judgment filed by the plaintiff, David Russell Gheen, and by the defendant, Providence Washington Insurance Company. For the reasons set forth below, the plaintiff's Motion for Summary Judgment is granted, and the defendant's Motion for Summary Judgment is denied.

The events giving rise to this litigation are given in the plaintiff's Motion for Judgment and in the parties' memoranda in support of their motions. On December 21, 1988, Russ Gheen was driving on Braddock Road when his car was struck by a van driven by Salomon Vasquez. Russ Gheen was severely and permanently injured by the collision. The plaintiff is seeking damages from Salomon Vasquez in a separate suit which is scheduled for trial in August 1992.

At the time of the accident, Salomon Vasquez was driving the van as a part of his employment with John Paul Alvarez, d/b/a American Cleaning Service. Alvarez and American Cleaning Service had leased the van from Bush & Cook Leasing Company. The plaintiff's Motion for Judgment seeks a declaration that three insurance policies held by Bush & Cook provide insurance coverage for the injuries he sustained in the collision with Salomon Vasquez. The first of these policies is a $500,000 direct coverage policy written by State Farm Insurance Company on the van driven by Salomon Vasquez at the time of the accident. Bush & Cook and State Farm do not dispute the plaintiff's claim that this policy was in effect on the date of the

accident and is applicable to cover the plaintiff's damages. The second insurance policy written by the Cincinnati Insurance Company does not cover the accident because a specific provision in the policy language excludes leased or rented vehicles unless those vehicles were left with Bush & Cook for service, repair, or sale. The plaintiff concedes that the policy written by Cincinnati Insurance Company does not cover his injuries in this case.

The Court has before it today the Motions for Summary Judgment of the plaintiff and of the defendant Providence Washington Insurance Company as to the applicability of the third insurance policy. This policy is a contingent and excess liability policy issued by Providence to Bush & Cook for coverage in the amount of $1,000,000. Providence denies that this excess liability coverage is available for the benefit of Russ Gheen, claiming that the policy covers only Bush & Cook because Bush & Cook is the named insured.

Principles of insurance law indicate that insurance protection is not limited to the coverage of only the named insured but can apply to anyone who is insured under the policy. "Every contract of insurance specifies an insured. In addition, policies of automobile liability insurance generally define certain other persons, commonly described by class, as additional or other insureds. The 'insured' is not limited to the named insured but applies to anyone who is insured under the policy." 12 Couch on Insurance § 45:267, note 11, *citing Midwest Contractors Equipment Co. v. Bituminous Casualty Corp.*, 112 Ill. App. 2d 134, 251 N.E.2d 349 (1969). Although the Providence Washington agreement defines the terms "you" and "your" as they are used throughout the policy to mean the named insured Bush & Cook, the coverage section of the agreement states that leased automobiles are covered by the policy. The van driven by Salomon Vasquez at the time of the accident was leased from Bush & Cook, and it is clearly included as a covered automobile under the policy.

The Court therefore grants the plaintiff's Motion for Summary Judgment and denies the defendant's Motion.